**GRIFFIN HAMERSKY LLP**
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone:  (646) 998-5580
Facsimile:  (646) 998-8284
Scott A. Griffin
Michael D. Hamersky
David M. Smith

Proposed Counsel for the Debtor
and Debtor in Possession


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :          Chapter 11
                                                            :
CREATIVE BGRS. INC. D/B/A BURGER KING,   :
                                                            :          Case No. 16-12787 (MKV)
                                  Debtor.[1]                :
                                                            :
------------------------------------------------------------X

**NOTICE OF HEARING TO CONSIDER DEBTOR'S APPLICATION FOR
ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a) AND 329 OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL
BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING THE DEBTOR
TO EMPLOY AND RETAIN GRIFFIN HAMERSKY LLP, AS GENERAL
BANKRUPTCY COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE**

        **PLEASE TAKE NOTICE** that a hearing will be held before the Honorable
Mary Kay Vyskocil, United States Bankruptcy Judge, on November 22, 2016 at 10:00 a.m. (New
York Time) (the "Hearing") in Room 501 of the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New
York 10004-1408, to consider the Debtor's Application for Entry of an Order Pursuant to
Sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local
Bankruptcy Rules 2014-1 and 2016-1 Authorizing the Debtor to Employ and Retain Griffin
Hamersky LLP, as General Bankruptcy Counsel, *Nunc Pro Tunc* to the Petition Date (the
"Application").

        **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application
must be made in writing, stating in writing the reasons therefore, and must be filed with the
Clerk of the Bankruptcy Court, with paper copies delivered to the chambers of the Honorable
Mary Kay Vyskocil, United States Bankruptcy Court, One Bowling Green, New York, New
York 10004, Room 501, and served upon: (i) the United States Trustee; (ii) counsel for the

---

[1]    The last four digits of the Debtor's federal tax identification number are 0145.

Debtor; and (iii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so as to be actually received no later than 5:00 p.m. (New York Time) on November 15, 2016 (New York Time).

**PLEASE TAKE FURTHER NOTICE** that the Hearing to consider the Application may be adjourned from time to time, without further written notice to any party.

Dated:    New York, New York
              November 2, 2016

GRIFFIN HAMERSKY LLP

By  /s/ Scott A. Griffin
Scott A. Griffin
Michael D. Hamersky
David M. Smith
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone:  (646) 998-5580
Facsimile:  (646) 998-8284

Proposed counsel for the Debtor
and Debtor in Possession

**GRIFFIN HAMERSKY LLP**
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone:  (646) 998-5580
Facsimile: (646) 998-8284
Scott A. Griffin
Michael D. Hamersky
David M. Smith

Proposed Counsel for the Debtor
and Debtor in Possession

**Hearing Date & Time: November 22, 2016 at 10:00 a.m. (New York Time)**
**Objection Deadline: November 15, 2016 at 5:00 p.m. (New York Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                             :
In re:                                                       :      Chapter 11
                                                             :
CREATIVE BGRS. INC. D/B/A BURGER KING,                       :
                                                             :      Case No. 16-12787 (MKV)
                              Debtor.[1]                     :
                                                             :
------------------------------------------------------------X

## DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a) AND 329 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN GRIFFIN HAMERSKY LLP, AS GENERAL BANKRUPTCY COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE

TO THE HONORABLE MARY K. VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE:

The debtor and debtor in possession in the above-captioned case (the "Debtor")

hereby applies (the "Application") for entry of an order, pursuant to sections 327(a) and 329 of

title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"),

authorizing it to employ and retain Griffin Hamersky LLP ("Griffin Hamersky" or the "Firm"),

as general bankruptcy counsel, *nunc pro tunc* to the Petition Date (defined below).

---

[1]    The last four digits of the Debtor's federal tax identification number are 0145.

In support of the Application, the Debtor relies upon and incorporates by reference the (i) *Amended Affidavit of Thieng V. Pham* [Dkt. No. 25], filed under Local Bankruptcy Rule 1007-2 in support of the Debtor's chapter 11 petition and various first day applications and motions (the "Affidavit")[2] and (ii) Declaration of Scott A. Griffin in Support of the Debtor's Application for Entry of an Order Pursuant to Sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing the Debtor to Employ and Retain Griffin Hamersky LLP, as General Bankruptcy Counsel, *Nunc Pro Tunc* to the Petition Date (the "Griffin Declaration").[3]   In further support of the Application, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

### Background

3.      On October 3, 2016 (the "Petition Date"), the Debtor filed a voluntary petition (the "Chapter 11 Case") in this Court for relief under chapter 11 of the Bankruptcy Code.

---

[2]  Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Affidavit.

[3]  The Griffin Declaration is attached hereto as Exhibit "A."

4.      The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      The factual background regarding the Debtor, including its operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Affidavit, which is fully incorporated herein by reference.

## Relief Requested

6.      By this Application, the Debtor requests entry of an order (the "Retention Order") pursuant to sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtor to employ and retain Griffin Hamersky, as general bankruptcy counsel for the Debtor, *nunc pro tunc* to the Petition Date to perform the extensive legal services that will be required during this Chapter 11 Case (as more fully described herein) pursuant to and in accordance with the terms and conditions set forth in the parties' engagement letter, dated September 30, 2016 (the "Engagement Letter").  A copy of the Engagement Letter is attached as Exhibit "1" to the Griffin Declaration.

## Basis for Relief

7.      On Friday, September 30, 2016, Griffin Hamersky was contacted by the Debtor to prepare an emergency bankruptcy filing by no later than the Petition Date.  Pursuant to the Engagement Letter, Griffin Hamersky began working with the Debtor to prepare a filing under chapter 11 of the Bankruptcy Code.   Since Griffin Hamersky's engagement, the Firm has worked closely with the Debtor and, as a result of this work, has become uniquely familiar with the Debtor's business and many of the potential legal issues that may arise in the context of this Chapter 11 Case.  In fact, Griffin Hamersky has provided advice and assistance to the Debtor in all aspects of its restructuring efforts including, but not limited to, advising the Debtor's management regarding the chapter 11 process, the complexities of administering a case under

3

Chapter 11 of the Bankruptcy Code, as well as preparing the numerous pleadings and other documents relating to the commencement of the Chapter 11 Case.

8.      The Debtor selected Griffin Hamersky to act as Debtor's counsel because of the experience and knowledge of the Firm's attorneys with respect to restructuring and commercial bankruptcy under chapter 11 of the Bankruptcy Code.  The Debtor believes that the Firm's highly qualified team of professionals possess the knowledge and experience necessary to effectively and efficiently address the issues that will arise in this Chapter 11 Case, and that Griffin Hamersky's continued representation of the Debtor is critical to the successful resolution of the Chapter 11 Case.  Significantly, Griffin Hamersky attorneys have been involved in the representation of chapter 11 debtors as lead counsel, co-counsel, or conflicts counsel in a variety of notable cases including, without limitation:  In re Filmed Entertainment Inc., Case No. 15-12244 (Bankr. S.D.N.Y.); In re Dewey & LeBoeuf LLP, Case No. 12-12321 (MG) (Bankr. S.D.N.Y.); In re Grubb & Ellis Company, et al., Case No. 12-10685 (MG) (Bankr. S.D.N.Y.); In re Motors Liquidation Company, f/k/a General Motors Corp., et al., Case No. 09-50026 (REG) (Bankr. S.D.N.Y.); In re Old Carco LLC (f/k/a Chrysler LLC), et al, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y.); In re Lyondell Chemical Company, Case No. 09-10023 (REG) (Bankr. S.D.N.Y.); In re Northwest Airlines Corporation, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y.); In re Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers, et al, Case No. 05-14945 (PCB) (Bankr. S.D.N.Y.); and In re Mirant Corp., Case No. 03-46590 (DML) (Bankr. N.D. Tex.).[4]

9.      Additional information regarding Griffin Hamersky is set forth more fully in the Griffin Declaration.

---

[4] Griffin Hamersky attorneys were involved in certain of the aforementioned matters prior to joining the Firm.

### Services to Be Rendered

10.    Subject to the Court's approval, Griffin Hamersky will render, to the extent necessary, the following services in connection with the Chapter 11 Case and certain related matters:

    a.    Advise the Debtor regarding its powers and duties as a debtor in possession in the continued management and administration of its business;

    b.    Attend meetings and negotiate with representatives of creditors and other parties in interest;

    c.    Take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor's estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the Debtor's estate;

    d.    Prepare, on behalf of the Debtor, all motions, applications, answers, orders, reports, and papers necessary for the administration of the estate;

    e.    Negotiate and prepare, on the Debtor's behalf, a chapter 11 plan, disclosure statement, and all related agreements and/or documents and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

    f.    Appear before this Court, any appellate courts, and protect the interests of the Debtor's estate before such courts; and

    g.    Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 Case.

11.    Griffin Hamersky has indicated a willingness to act on behalf of, and render such professional services to, the Debtor.

### Disinterestedness

12.    To the best of the Debtor's knowledge, and except as otherwise set forth herein, neither Griffin Hamersky nor the attorneys of Griffin Hamersky have any connection with the Debtor (other than the current engagement), its creditors or any other party in interest, or

5

their respective attorneys and accountants, the United States Trustee for the Southern District of

New York (the "United States Trustee") or any person employed in the office of the same, or any

judge in the Bankruptcy Court for the Southern District of New York or any person employed in

the office of the same.   Indeed, Griffin Hamersky has examined the list of interested parties,

attached to the Griffin Declaration as Exhibit "2," and can confirm that it does not have

relationship with any of the parties on that list.   Griffin Hamersky, however, may in the future

represent certain parties in interest in this Chapter 11 Case in matters unrelated to the Debtor or

this Chapter 11 Case.

13.   In connection with Griffin Hamersky's retention as counsel, the Debtor

understands that neither Griffin Hamersky nor any attorney at the Firm:

a.   Holds or represents an interest adverse to the Debtor's estate;

b.   Is or was a creditor of the Debtor, an equity security holder or an insider of the Debtor, except that Griffin Hamersky previously rendered legal services to the Debtor for which it was compensated as disclosed below;

c.   Is or was, within two years before the Petition Date, a director, officer or employee of the Debtor; or

d.   Has an interest materially adverse to the interest of the Debtor's estate or any class of creditor, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

14.   In view of the foregoing, the Debtor believes that Griffin Hamersky is a

"disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code.

15.   Griffin Hamersky understands that it has a continuing obligation to review

and maintain its disinterestedness and will supplement its disclosure to the Court if any facts or

circumstances are discovered that would require such additional disclosure.

## Professional Compensation

16.     Griffin Hamersky will accept compensation for its work during the Chapter 11 Case for such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this Chapter 11 Case.  Additionally, Griffin Hamersky will seek compensation for all time and expenses associated with its retention as a section 327(a) professional, including the preparation of this Application, the Griffin Declaration and related documents, as well as any monthly fee statements and/or interim and final fee applications.

17.     Griffin Hamersky's fees for professional services are based on its hourly rates.  The Debtor and Griffin Hamersky have agreed that the Firm's current standard hourly rates will apply to this Chapter 11 Case.  The Firm's current hourly rates are: (a) $375 to $475 for partners; (b) $175 to $325 for associates; and (c) $150 for paraprofessionals.  Hourly rates set forth above are subject to annual adjustments in January to reflect economic and other conditions. Griffin Hamersky will provide notice of any rate increases to the Debtor, the United States Trustee and the Court.

18.     Consistent with Griffin Hamersky's policies, the Firm will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services.  These charges and disbursements include, among other things, costs for telephone charges, photocopying,[5] travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

---

[5]  Griffin Hamersky will charge $0.10 per page for photocopying charges.

Charges and disbursements are invoiced pursuant to Griffin Hamersky's standard practices, which are set forth in the Engagement Letter.

19.     Prior to the Petition Date, the Debtor paid a retainer to Griffin Hamersky in the amount of $20,000 (the "Retainer") for professional services rendered or to be rendered and expenses incurred or to be incurred by Griffin Hamersky on behalf of the Debtor.  Griffin Hamersky has applied the entire amount of the Retainer to its prepetition fees and expenses in preparation for the filing of this Chapter 11 Case.  Currently, Griffin Hamersky does not hold a retainer.

20.     Griffin Hamersky has informed the Debtor that as promptly as practicable after all fees and charges accrued prior to the Petition Date have finally been posted within the Firm's computerized billing system, Griffin Hamersky will issue a final detailed billing of its fees and expenses charged against the Retainer for the period prior to the Petition Date.

21.     Other than as set forth above, no arrangement is proposed between the Debtor and Griffin Hamersky for compensation to be paid in this Chapter 11 Case.

## **Statement Regarding United States Trustee Guidelines**

22.     Griffin Hamersky shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable provisions of the Court.  Griffin Hamersky also intends to make a reasonable effort to comply with the United States Trustee requests for information and additional disclosures as set forth in the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) in connection with this Application and the interim and final fee applications to be filed by Griffin Hamersky in this Chapter 11 Case.

8

23.     Accordingly, the Debtor requests approval of the employment of Griffin Hamersky, as general bankruptcy counsel, *nunc pro tunc* to the Petition Date.  Such relief is warranted by the circumstances presented in this Chapter 11 Case.

### Notice

24.     Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to:  (i) the United States Trustee; (ii) the United States Attorney for the Southern District of New York; (iii) the Internal Revenue Service; (iv) the New York State Department of Taxation and Finance; (v) the Securities and Exchange Commission; (vi) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (vii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule.  The Debtor submits that, under the circumstances, no other or further notice is necessary.

### No Prior Request

25.     No prior request for the relief requested herein has been made to this or any other Court.

### Conclusion

**WHEREFORE**, the Debtor respectfully requests this Court enter an order, substantially in the form attached hereto as Exhibit "B," granting the relief requested in this Application and such other and further relief as may be just and proper.

Dated:   New York, New York
         November 2, 2016

                              CREATIVE BGRS. INC. D/B/A BURGER KING

                              By: /s/ Thieng V. Pham
                              Name:  Thieng V. Pham
                              Title:   President

9

# EXHIBIT A

**GRIFFIN HAMERSKY LLP**
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone:  (646) 998-5580
Facsimile:  (646) 998-8284
Scott A. Griffin
Michael D. Hamersky
David M. Smith

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
In re:                                                              :          Chapter 11
:
CREATIVE BGRS. INC. D/B/A BURGER KING,    :
:          Case No. 16-12787 (MKV)
Debtor.[1]                           :
:
-------------------------------------------------------------X

**DECLARATION OF SCOTT A. GRIFFIN, ESQ. IN SUPPORT OF THE DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(a) AND
329 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND
LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING THE DEBTOR
TO EMPLOY AND RETAIN GRIFFIN HAMERSKY LLP, AS GENERAL
BANKRUPTCY COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE**

Under 28 U.S.C. § 1746, I, Scott A. Griffin, Esq. declare that the following is true

to the best of my knowledge, information, and belief:

1.      I am a partner of Griffin Hamersky LLP ("Griffin Hamersky" or the

"Firm"), which maintains its offices for the practice of law at 420 Lexington Avenue, Suite 400,

New York, New York 10170.  I am admitted to practice in and a member in good standing of the

bar of the State of New York and the bar of the United States District Court for the Southern

District of New York.  I submit this declaration (the "Declaration") and statement in support of

---

[1]      The last four digits of the Debtor's federal tax identification number are 0145.

the Debtor's Application for Entry of an Order Pursuant to Sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing the Debtor to Employ and Retain Griffin Hamersky LLP, as General Bankruptcy Counsel, *Nunc Pro Tunc* to the Petition Date (the "Application"),[2] filed contemporaneously herewith by the Debtor.

2.      Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge of the matters set forth herein.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Application.

### Qualifications of Professionals

3.      On Friday, September 30, 2016, Griffin Hamersky was contacted by the Debtor to prepare an emergency bankruptcy filing by no later than the Petition Date.  Pursuant to the Engagement Letter, Griffin Hamersky began working with the Debtor to prepare a filing under chapter 11 of the Bankruptcy Code.

4.      Since Griffin Hamersky's engagement, the Firm has worked closely with the Debtor and, as a result of this work, has become uniquely familiar with the Debtor's business and many of the potential legal issues that may arise in the context of this Chapter 11 Case.  In fact, Griffin Hamersky has provided advice and assistance to the Debtor in all aspects of its restructuring efforts including, but not limited to, advising the Debtor's management regarding the chapter 11 process, the complexities of administering a case under Chapter 11 of the Bankruptcy Code, as well as preparing the numerous pleadings and other documents relating to the commencement of the Chapter 11 Case.

---

[2]  Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Application.

5.      Griffin Hamersky understands that the Debtor selected Griffin Hamersky to act as Debtor's counsel because of the experience and knowledge of the Firm's attorneys with respect to restructuring and commercial bankruptcy under chapter 11 of the Bankruptcy Code. The Firm's highly qualified team of professionals possess the knowledge and experience necessary to effectively and efficiently address the issues that will arise in this Chapter 11 Case.

6.      I am a partner of Griffin Hamersky and one of the primary attorneys working on the engagement.   I have approximately 15 years of experience in corporate restructurings and related matters, including (a) out of court restructurings; (b) traditional chapter 11 reorganization cases; and (c) pre-negotiated chapter 11 reorganizations.   I have represented debtors, creditors' committees, secured lenders, major unsecured creditors, acquirers and other parties in interest in chapter 11 cases.   Notably, my debtor representations have included, but are not limited to:   In re Filmed Entertainment Inc., Case No. 15-12244 (Bankr. S.D.N.Y.); In re Dewey & LeBoeuf LLP, Case No. 12-12321 (MG) (Bankr. S.D.N.Y.); In re Grubb & Ellis Company, et al., Case No. 12-10685 (MG) (Bankr. S.D.N.Y.); Lyondell Chemical Company, Case No. 09-10023 (REG) (Bankr. S.D.N.Y.); In re Northwest Airlines Corporation, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y.); In re Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers, et al., Case No. 05-14945 (PCB) (Bankr. S.D.N.Y.); and In re Mirant Corp., Case No. 03-46590 (DML) (Bankr. N.D. Tex.). [3]

7.      Other professionals at the Firm, who have experience in restructuring and business bankruptcy cases under chapter 11 of the Bankruptcy Code, will also participate in the representation of the Debtor in this Chapter 11 Case.

---

[3] Griffin Hamersky attorneys were involved in certain of the aforementioned matters prior to joining the Firm.

8.      Due to the Firm's work with the Debtor's management during the prepetition period, Griffin Hamersky is familiar with the Debtor's capital and debt structure. Additionally, Griffin Hamersky is familiar with the Debtor's business affairs and many of the potential legal issues that may arise in the context of the Chapter 11 Case.

9.      I believe that Griffin Hamersky is well positioned to provide the Debtor with the type of legal services it will require as debtor in possession. Accordingly, subject to approval of the Application, Griffin Hamersky is willing to perform the services requested by the Debtor, as set forth herein, in the Application, and in the Engagement Letter.

10.     To the best of my knowledge, and based solely upon information provided to me by the Debtor, neither Griffin Hamersky nor any of its professionals, has any materially adverse connection to the Debtor, its creditors or other relevant parties. Griffin Hamersky currently does not have relationships with any of the Debtor's creditors.

11.     Griffin Hamersky may in the future represent certain interested parties involved in this case in matters unrelated to the Chapter 11 Case. In addition, Griffin Hamersky personnel have and may continue to have relationships personally or in the ordinary course of business with certain vendors, professionals and other parties in interest that may be involved in the Chapter 11 Case in matters unrelated to this case. Griffin Hamersky may also in the future provide professional services to entities or persons that may be creditors or parties in interest in this Chapter 11 Case, which services will not directly relate to, or have any direct connection with, this Chapter 11 Case or the Debtor.

12.     Griffin Hamersky personnel in their individual capacities may regularly utilize the services of law firms, accounting firms and financial advisors. Such firms engaged by Griffin Hamersky personnel may appear in chapter 11 cases on behalf of the Debtor or parties in

4

interest. All engagements where such firms represent Griffin Hamersky personnel in their individual capacities are unrelated to this Chapter 11 Case.

### Services to Be Rendered

13.     Subject to the Court's approval, Griffin Hamersky will render, to the extent necessary, the following services in connection with the Chapter 11 Case and certain related matters:

a.  Advise the Debtor regarding its powers and duties as a debtor in possession in the continued management and administration of its business;

b.  Attend meetings and negotiate with representatives of creditors and other parties in interest;

c.  Take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor's estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the Debtor's estate;

d.  Prepare, on behalf of the Debtor, all motions, applications, answers, orders, reports, and papers necessary for the administration of the estate;

e.  Negotiate and prepare, on the Debtor's behalf, a chapter 11 plan, disclosure statement, and all related agreements and/or documents and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

f.  Appear before this Court, any appellate courts, and protect the interests of the Debtor's estate before such courts; and

g.  Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 Case.

### Disinterestedness of Professionals

14.     Prior to commencement of this Chapter 11 Case, Griffin Hamersky conducted a review of the Firm's electronic database with respect to the parties listed on Exhibit "2" to this Declaration.  Based on such review, to the best of my knowledge, and except as

otherwise set forth herein, the attorneys of Griffin Hamersky (a) do not have any connection with the Debtor, its affiliates, its creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee for the Southern District of New York (the "United States Trustee") or any person employed in the office of the same, or any judge in the Bankruptcy Court for the Southern District of New York or any person employed in the office of the same; (b) are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the estate.

15.     Griffin Hamersky and/or the attorneys of Griffin Hamersky may have in the past (prior to their employment with the Firm) represented and may likely in the future represent certain parties in interest in the Chapter 11 Case in matters unrelated to the Debtor or this Chapter 11 Case.

16.     Except as otherwise set forth in herein, neither Griffin Hamersky nor any attorney at the Firm:

a.    Holds or represents an interest adverse to the Debtor's estate;

b.    Is or was a creditor of the Debtor, an equity security holder or an insider of the Debtor, except that Griffin Hamersky previously rendered legal services to the Debtor for which it was compensated as disclosed below;

c.    Is or was, within two years before the Petition Date, a director, officer or employee of the Debtor; or

d.    Has an interest materially adverse to the interest of the Debtor's estate or any class of creditor, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reason.

17.     In view of the foregoing, Griffin Hamersky is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

18.     Griffin   Hamersky   will   continue   to   review   and   maintain   its

disinterestedness and will supplement its disclosure to the Court if any facts or circumstances are

discovered that would require such additional disclosure.

### Professional Compensation

19.     Griffin   Hamersky   will   accept   compensation   for   its   work   during   the

Chapter 11 Case for such sums as may be allowed by the Court on the basis of the professional

time   spent,   the   rates   charged   for   such   services,   the   necessity   of   such   services   to   the

administration of the estate, the reasonableness of the time within which the services were

performed in relation to the results achieved, and the complexity, importance and nature of the

problems, issues or tasks addressed in this Chapter 11 Case.  Additionally, Griffin Hamersky will

seek compensation for all time and expenses associated with its retention as a section 327(a)

professional,   including   the   preparation   of   this   Application,   this   Declaration   and   related

documents, as well as any monthly fee statements and/or interim and final fee applications.

20.     Griffin Hamersky's fees for professional services are based on its hourly

rates.  The Debtor and Griffin Hamersky have agreed that the Firm's current standard hourly

rates will apply to this Chapter 11 Case.  The Firm's current hourly rates are: (a) $375 to $475

for partners; (b) $175 to $325 for associates; and (c) $150 for paraprofessionals.  Hourly rates set

forth above are subject to annual adjustments in January to reflect economic and other

conditions. Griffin Hamersky will provide notice of any rate increases to the Debtor, the United

States Trustee and the Court.

21.     Consistent with Griffin Hamersky's policies, the Firm will continue to

charge the Debtor for all other services provided and for other charges and disbursements

incurred in the rendition of services.   These charges and disbursements include, among other

7

things, costs for telephone charges, photocopying,[4] travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings. Charges and disbursements are invoiced pursuant to Griffin Hamersky's standard practices, which are set forth in the Engagement Letter.

22.     Prior to the Petition Date, the Debtor paid a retainer to Griffin Hamersky in the amount of $20,000 (the "Retainer") for professional services rendered or to be rendered and expenses incurred or to be incurred by Griffin Hamersky on behalf of the Debtor. Griffin Hamersky has applied the entire amount of the Retainer to its prepetition fees and expenses in preparation for the filing of this Chapter 11 Case. Currently, Griffin Hamersky does not hold a retainer.

23.     Griffin Hamersky has informed the Debtor that as promptly as practicable after all fees and charges accrued prior to the Petition Date have finally been posted within the Firm's computerized billing system, Griffin Hamersky will issue a final detailed billing of its fees and expenses charged against the Retainer for the period prior to the Petition Date.

24.     Other than as set forth above, no arrangement is proposed between the Debtor and Griffin Hamersky for compensation to be paid in this Chapter 11 Case.

25.     Except for sharing arrangements among Griffin Hamersky and its partners or attorneys, the Firm has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

---

[4]     Griffin Hamersky will charge $0.10 per page for photocopying charges.

8

Dated:    New York, New York
          November 2, 2016

                                   /s/ Scott A. Griffin
                                   Scott A. Griffin, Esq.
                                   Member of the Firm
                                   Griffin Hamersky LLP

# EXHIBIT A1



GRIFFIN HAMERSKY LLP

ATTORNEYS AT LAW

**<u>Via Hand Delivery</u>**

Theing V. Pham, President
Creative BGRS. Inc., d/b/a Burger King
273 Canal Street
New York, NY 10013-3515

Re:    **<u>Employment of Griffin Hamersky LLP</u>**

Dear Mr. Pham:

       This letter confirms our discussions concerning the scope, terms, and conditions of our engagement by Creative BGRS. Inc. d/b/a Burger King (collectively, "CBI" or "you") in connection with your restructuring efforts, as well as certain other related and unrelated matters, including its preparation for the possible commencement, administration, and completion of a case (the "Bankruptcy Case") under title 11 of chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Thank you for retaining Griffin Hamersky LLP (the "Firm" or "we") in this engagement and for your consideration and cooperation concerning the matters covered in this letter.

     1.   <u>Limited Scope of Engagement and Client Relationship</u>

       Any new or expanded engagement beyond that described above will require our agreement. Similarly, except as expressly set forth in this letter, any representation in this engagement of any individual, person or entity other than CBI, such as a parent, subsidiary, managing member, member, shareholder or other direct or indirect affiliate of CBI, as applicable, will require our agreement. That is, our client is, and we are entering into an attorney-client relationship only with, CBI. Please advise any of CBI's direct or indirect affiliates or any of your or their members, partners, managers, shareholders, directors, officers or other investors or controlling persons, as applicable, who express any uncertainty or different understanding, that this engagement does not include any undertaking by Griffin Hamersky to represent any of them or create any attorney-client relationship between Griffin Hamersky and any of them.

     2.   <u>Staffing</u>

       I will have primary responsibility for this engagement and will be assisted by such other lawyers and service personnel as appropriate from time to time in order to provide high quality services in a cost-efficient manner. Currently, it is expected that I will be assisted by David Smith and a junior associate with respect to restructuring matters and such other attorneys as approved by you. I will be the Partner generally responsible for Griffin Hamersky's representation of CBI, including matters related to billing and staffing.



3.    <u>Compensation and Disbursements</u>

Our fees are generally determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person.  Currently, hourly rates for our lawyers who are likely to be working on this matter range from $175 to $475 and $150 per hour for our paraprofessional working on the matter.  Our hourly rates are revised periodically, and we reserve the right to revise them from time to time during the course of our representation of CBI.  We submit periodic billing statements (generally monthly), which are due and payable upon presentation.

To retain the services of the Firm, CBI has agreed to pay us a $20,000 retainer upon the execution of this letter (the "Retainer"). (Wiring instructions for the Firm are attached hereto as Schedule A.) It has been agreed that the Retainer constitutes a "classic retainer" as defined in <u>In re Production Associates, Ltd.</u>, 264 B.R. 180 (Bankr. N.D. Ill. 2001).  As such, the Retainer will be earned by the Firm upon receipt, may be held in the Firm's general cash account, will not be held in a separate account on your behalf, and you will have no interest in the Retainer.  To the extent that our hours expended, based on normal hourly rates, and expenses incurred approach the amount of the Retainer, it is agreed that you will provide us additional classic retainers (which will be Retainers as defined in this letter) for prospective services and expenses in such amount as agreed to by you and us, or the parties will agree to such other mutually acceptable arrangement or terminate the engagement.  Notwithstanding the foregoing, it is agreed that the Firm will (1) at all times have a Retainer in excess of the fees and expenses it has incurred on behalf of CBI (whether or not statements for such fees and expenses have been sent by the Firm to CBI), (2) have a Retainer upon the commencement of any chapter 11 case for CBI in an amount not less than $20,000, and (3) return any unused portion of the Retainer at the conclusion of this engagement following the satisfaction of all Griffin Hamersky's outstanding fees and expenses.

Unless we specifically agree, any fee estimate that we may provide is not a commitment to perform the services within a fixed time or for a fixed fee.

In addition to our fees, we expect our clients to defray certain costs and expenses incurred during our representation of them.  Please note that although our charges for non-cash costs incurred by the Firm reflect our good faith estimate of our actual, fully absorbed, out-of-pocket costs, those estimates may differ from our actual costs.  Normally, disbursements and charges will be subject to reimbursement from CBI in the regular billing cycle.  In some circumstances, however, such as in the case of particularly large items, we may ask CBI to pay these items directly or in advance.

We also want to notify you of your right, under Part 137 of the Rules of the Chief Administrator of the Courts in New York, to arbitration of fee disputes as provided in that rule, a copy of which will be provided to you at your request.

2



4.    The Bankruptcy Case

If it becomes necessary for CBI to file a petition under chapter 11 of the Bankruptcy Code, our ongoing employment by CBI will be subject to the approval of the bankruptcy court with jurisdiction over the petition.  If necessary, we will modify the terms and conditions of our employment described above as may be required to comply with the applicable requirements of the bankruptcy process, including any orders of the bankruptcy court.

In anticipation of CBI's potential chapter 11 filing, Griffin Hamersky will take steps necessary to prepare the conflict of interest disclosure required in connection with Griffin Hamersky's retention as bankruptcy counsel.  Griffin Hamersky will promptly initiate the process of reviewing conflict checks on potentially interested parties in key categories, as and when provided to us by CBI, including (a) CBI's directors and officers and their respective business affiliations, (b) CBI's largest unsecured creditors, (c) CBI's material trade creditors and lessors, (d) parties to significant litigation with CBI, and (e) CBI's material secured creditors.

A copy of the current list of entities that will be checked in our conflict system (the "Interested Party List") will be created based upon information that you provide.  We also will compile a preliminary draft of a schedule describing Griffin Hamersky's relationships, if any, with certain of the entities identified on the Interested Party List in matters unrelated to CBI or its potential chapter 11 case (the "Disclosure Schedule").  We will provide you with a draft of the Disclosure Schedule after it is available.  Although the Firm believes that it does not have relationships that will constitute conflicts of interest, we will describe any relevant relationships and disclose the same in CBI's application to the bankruptcy court to retain the Firm as counsel.

Please note that the Disclosure Schedule will be updated as new information becomes available until CBI's chapter 11 case is commenced; thereafter, the Disclosure Schedule will continue to be supplemented on a periodic basis throughout the course of the Bankruptcy Case.  We will provide updated Interested Party Lists and Disclosure Schedules to you after they become available.

5.    Audit Letter Issues

We further want to advise you that, in responses to any of your requests to provide information to your auditors, our policy is to comply with the American Bar Association Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information regarding the scope and content of such responses, except when such Policy is clearly inapplicable.

6.    Procedures upon Termination; Return of Documents; Intellectual Property

Unless previously terminated, our representation of CBI will terminate upon our sending you our final statement for services rendered in this matter.  In that case, or otherwise at your request, any papers and property sent by you to us will be returned to you.  Our own files pertaining to the matter, including lawyer work product and administrative records, as well as document copies, will be retained by the Firm in accordance with our document retention policy.

3



All documents retained by the Firm will be transmitted in the ordinary course to the person responsible for administering our records retention program. Subject to our obligations under the bar requirements, we reserve the right to destroy or otherwise dispose of any documents or other materials, including electronic versions, retained by us after the termination of the engagement.

All intellectual property and other know-how developed by us in connection with this engagement, including subject matter expertise, whether or not preserved in written or electronic form, may be retained by us and used in connection with engagements on behalf of other clients, so long as no confidential information relating to CBI is thereby disclosed

7.      Governing Law

The laws of the State of New York, without regard to conflict of law rules, shall govern the interpretation of this agreement.

Please sign and return to us the enclosed copy of this letter in order to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement. If you would like to discuss any of these matters, please give me a call.

Very truly yours,

'Scott A. Griffin

On behalf of CBI, the undersigned confirms that this letter accurately reflects the scope, terms and conditions with respect to this engagement and that the undersigned's execution and delivery of this confirmation on behalf of CBI has been duly authorized by CBI.

Dated:  September 30, 2016

Signature: _____

Name: _____ THIENG PHAM

Title: _____ PRESIDENT

4



**SCHEDULE A**

*Griffin Hamersky , LLP*
*Account No.:  4991093401*
*Citibank ABA/Routing No.:  021000089*

5

# EXHIBIT A2

| **Directors, Officers & Former Employees** | **Accounts Payable Counterparties** |
|---|---|
| Thieng V. Pham | Kim Hung Bakery |
| | Maines Paper & Food Service, Inc. |
| **Contract Counterparties** | Bimbo Bakeries USA |
| Burger King Corporation | |
| | |
| **Landlords** | |
| Great Canal Realty Corp. | |
| | |
| **Secured Creditor** | |
| National Finance Associates, LLC | |
| | |
| **Banking Institutions** | |
| Bank of America, N.A. | |
| | |
| **Top 20 GUC** | |
| Great Canal Realty Corp. | MUZAK LLC |
| Burger King Corporation | Restaurant Technologies, Inc. |
| American Express Business Card c/o Zwicker & Associates, P.C. | Coca-Cola Refreshments USA, Inc. |
| Consolidated Edison Company of New York, Inc. | Joram J. Aris, Esq. |
| AAA Electronics Services | Time Warner Cable |
| Bank of America, N.A. | Ecolab USA & Ecosure |
| Nationwide | Sicom Systems, Inc. |

| | |
|---|---|
| City of New York Environmental Control Board | NuCO2 |
| Rochdale Insurance Company | Ameritech Systems Corporation |
| HCD Architect | Verizon c/o Sunrise Credit Services, Inc. |
| | |
| **<u>Taxing Authorities</u>** | |
| Internal Revenue Service | |
| New York State Department of Tax & Finance | |
| | |
| **<u>Litigation Counterparties</u>** | |
| Great Canal Realty Corp. | |
| New York City Dept. of Consumer Affairs | |
| Mignot v. Pham | |
| | |
| **<u>U.S. Trustee Employees</u>** | |
| Linda A. Riffkin | |
| Victor Abriano | |
| Catletha Brooks | |
| Amanda Cassara | |
| Maria Catapano | |
| Danny A. Choy | |
| Myrna R. Fields | |
| Richard W. Fox | |
| Susan Golden | |
| Nadkarni Joseph | |
| Nazar Khodorovsky | |

| | |
|---|---|
| Anna M. Martinez | |
| Brian S. Masumoto | |
| Ercilia A. Mendoza | |
| Mary V. Moroney | |
| Richard C. Morrissey | |
| Serene Nakano | |
| Cheuk M. Ng | |
| Ilusion Rodriguez | |
| Andrea B. Schwartz | |
| Paul K. Schwartzberg | |
| Sylvester Sharp | |
| Andy Velez-Rivera | |
| Greg M. Zipes | |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                             :
In re:                       :     Chapter 11
                             :
CREATIVE BGRS. INC. D/B/A BURGER KING, :
                             :     Case No. 16-12787 (MKV)
               Debtor.[1]   :
                             :
--------------------------------------------------------------X

### ORDER PURSUANT TO SECTIONS 327(a) AND 329 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN GRIFFIN HAMERSKY LLP, AS GENERAL BANKRUPTCY COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the Debtor for an order pursuant to

sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local

Bankruptcy Rules 2014-1 and 2016-1 authorizing the Debtor to employ and retain Griffin

Hamersky LLP, as general bankruptcy counsel, *nunc pro tunc* to the Petition Date; and upon the

Griffin Declaration; and upon the Affidavit; and the Court having reviewed the Application and

the Griffin Declaration; and the Court being satisfied with the representations made in the

Application and the Griffin Declaration, that Griffin Hamersky represents no interest adverse to

the Debtor or its estate respecting the matters upon which it is to be engaged, that it is a

"disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and

that its employment is necessary; and sufficient notice of the Application having been given; and

it appearing that no other or further notice need be provided; and a hearing to consider the

Application having been held on November 22, 2016; and it appearing that the relief requested in

---

[1]    The last four digits of the Debtor's federal tax identification number are 0145.

[2]    Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Application.

the Application is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Application is **GRANTED** to the extent provided herein.

2.      Pursuant to sections 327(a) and 329 of the Bankruptcy Code, the Debtor is authorized to retain and employ Griffin Hamersky, as general bankruptcy counsel, effective *nunc pro tunc* to the Petition Date, in accordance with the Application and this Order, to perform the services described in the Application.

3.      Griffin Hamersky shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any orders entered in this Chapter 11 Case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

4.      Griffin Hamersky shall provide notice of any rate increases by notifying the Debtor and filing a notice with the Court. The Debtor, the United States Trustee, and all parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.      The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of this Application.

6.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.

Dated:    New York, New York
.            _____ ___, 2016


_____
HONORABLE MARY K. VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE